UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 21-373-DMG (SHKx)** | Date | April 23, 2021 |
|---|---|---|---|
| Title | *Chase Daniel Daugherty v. James R. Hefflin* | Page | 1 of 2 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

    On March 2, 2021, Defendant James Hefflin filed a Notice of Removal purporting to remove a Request for Civil Harassment Restraining Order in Riverside County Superior Court filed by Plaintiff Chase Daniel Daugherty. [Doc. # 1.] Hefflin asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331.

    The document attached to Defendant's Notice of Removal is a state court order on request to continue hearing, not a complaint or case-initiating document. It is obvious that this Court does not have "original jurisdiction" over a state-court scheduling order. 28 U.S.C. § 1441(a). Moreover, Defendant does not argue that Plaintiff's state action presents a federal question, and Defendant provides no other grounds for subject matter jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

    This is the second time Defendant has removed a Request for Civil Harassment Restraining Order filed in Riverside County Superior Court by Plaintiff. *See Daugherty v. Hefflin*, CV 20-2496-DMG (SHKx) (C.D. Cal. 2020). The first time, the Court issued an Order to Show Cause why the case should not be remanded back to Riverside County Superior Court, and when Defendant failed to show how Plaintiff pled a federal question or diversity jurisdiction, the Court remanded the case for lack of subject matter jurisdiction. In addition, Defendant has also removed two Requests for Civil Harassment Restraining Order filed in Riverside County Superior Court filed by Ryan Burd based on related events, and the Court remanded both of those cases for lack of subject matter jurisdiction. *See Burd v. Hefflin*, CV 20-2410-DMG (SHKx) (C.D. Cal. 2020); *Burd v. Hefflin*, CV 21-190-DMG (SHKx) (C.D. Cal. 2020). In the remand order in the latter *Burd* case, the Court warned Defendant that further frivolous removals of actions which clearly fail to state federal claims may result in sanctions or other measures

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | ED CV 21-373-DMG (SHKx) | Date | April 23, 2021 |
| Title | *Chase Daniel Daugherty v. James R. Hefflin* | Page | 2 of 2 |

designed to discourage vexatious litigation under the Local Rules.  *See* C.D. Cal. L.R. 83-7, 83-8.

Without any basis for subject matter jurisdiction, the Court **REMANDS** this action to the Riverside County Superior Court.  The Court warns Hefflin again that any further frivolous removals will result in the imposition of monetary sanctions.

**IT IS SO ORDERED.**